UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60007-CR-DIMITROULEAS

18 U.S.C. § 1349
18 U.S.C. § 981(a)(1)(C)



UNITED STATES OF AMERICA,

v.

VICTOR WOLF and
NATALIA WOLF,

           Defendants.        /

## INDICTMENT

The Grand Jury charges that:

### General Allegations

At various times relevant to this Indictment:

1. Sky Group Realty LLC was a Florida corporation with its principal place of business located at 3137 Northeast 163 Street, North Miami Beach, Florida.

2. Sky Group Realty LLC, along with numerous other affiliated Florida corporations including, but not limited to: Sky Development Group LLC, Sky Construction Group LLC and All Title and Trust LLC, engaged in the business of buying, selling and developing property in Citrus County, Putnam County, St. Johns County, Jackson County and other counties throughout Florida as well as outside Florida.

3. Defendants **VICTOR WOLF** and **NATALIA WOLF** owned and operated Sky Group Realty LLC and its affiliated corporations.

## COUNT 1
(CONSPIRACY - 18 U.S.C. § 1349)

4.  Paragraphs 1 through 3 of the General Allegations of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

5.  From in or about September 2004 and continuing through in or about October 2006, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

**VICTOR WOLF, and
NATALIA WOLF,**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate and agree with each other and with others known and unknown to the Grand Jury, to commit offenses against the United States, that is:

(a)  to knowingly and with intent to defraud devise and intend to devise a scheme and artifice to defraud and to obtain money and property from others by means of materially false and fraudulent pretenses, representations, and promises, knowing that they were false and fraudulent when made, and causing to be delivered certain mail matter by any private and commercial interstate carrier, according to the directions thereon, for the purpose of executing the scheme, in violation of Title 18, United States Code, Section 1341; and

(b)  to knowingly and with intent to defraud devise and intend to devise a scheme and artifice to defraud and to obtain money and property from others by means of materially false and fraudulent pretenses, representations, and promises, knowing that they were false and fraudulent when made, and transmitting and causing to be transmitted certain wire communications in interstate and foreign commerce, for the purpose of executing the scheme, in violation of Title 18, United

2

States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

6. The purpose of the conspiracy was for defendants **VICTOR WOLF** and **NATALIA WOLF** and their co-conspirators to unjustly enrich themselves by, among other things: making materially false representations and creating false documentation in order to sell parcels of land for real estate development and diverting the fraudulently obtained funds for personal use and benefit of the defendants and co-conspirators and to further the fraud scheme.

## MANNER AND MEANS

The manner and means by which the defendants and their co-conspirators sought to accomplish the objects and purpose of the conspiracy, included, among others, the following:

7. **VICTOR WOLF** and **NATALIA WOLF** solicited buyers and investors through various advertising campaigns, including radio, newspaper and internet advertisements, as well as presentations to potential buyers and investors.

8. **NATALIA WOLF** opened and maintained numerous bank accounts in various corporate names at Wachovia Bank and used such accounts for the receipt and transfer of buyers' and investors' funds.

9. **VICTOR WOLF** and **NATALIA WOLF** maintained a title company business and a bank account in the name of All Title and Trust LLC and used this company, along with other title companies, to close the real estate deals.

10. **VICTOR WOLF** and **NATALIA WOLF** would fail to have deeds recorded in the buyers' and investors' names, would transfer recorded deeds to others with no authorization from the lawful buyers and investors, and would resell the property with no authorization from the lawful

buyers and investors, among other things, so that the buyers and investors did not obtain and maintain legal title to the property that they had purchased.

11.  **VICTOR WOLF** and **NATALIA WOLF** would also file false quit claim deeds for property that they had sold to buyers and investors in order to transfer the property back into their possession so that they could resell the same piece of property to multiple buyers and investors.

12.  **VICTOR WOLF** and **NATALIA WOLF** caused buyers and investors to send by mail or wire transfer deposit and purchase funds. In the course of each sale, facsimile transmissions and mail deliveries were sent between buyers, investors and defendants **VICTOR WOLF** and **NATALIA WOLF** or their employees.

All in violation of Title 18, United States Code, Section 1349.

### Forfeiture Allegations

1.  The allegations of this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in the defendants has an interest pursuant to 32.2(a), Federal Rules of Criminal Procedure. Forfeiture is being sought pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C).

2.  Upon conviction of the offense set forth in Count 1 of the Indictment, the defendants, **VICTOR WOLF** and **NATALIA WOLF,** shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(C), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

3.  If any of the property described above as being subject to forfeiture, as a result of any

act and omission of the defendants -

    i. cannot be located upon the exercise of due diligence;

    ii. has been transferred or sold to, or deposited with, a third party;

    iii. has been placed beyond the jurisdiction of the court;

    iv. has been substantially diminished in value; or

    v. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), made applicable through Title 28, United States Code, Section 2461(C), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C); Title 28, United States Code, Section 2461(C); and the procedures outlined at Title 21, United States Code, Section 853.

A TRUE BILL

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
CYNTHIA STONE
ASSISTANT UNITED STATES ATTORNEY

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO. _____

vs.

VICTOR WOLF,
NATALIA WOLF,

**CERTIFICATE OF TRIAL ATTORNEY\***

Defendants.
_____/

**Superseding Case Information:**

**Court Division**: (Select One)

___ Miami       ___ Key West
_X_ FTL         ___ WPB        ___ FTP

New Defendant(s)            Yes ___  No ___
Number of New Defendants    ___
Total number of counts      ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No)   _No_
   List language and/or dialect  _____

4. This case will take  _10_  days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                              (Check only one)
   I    0 to 5 days      ___                     Petty    ___
   II   6 to 10 days     _X_                     Minor    ___
   III  11 to 20 days    ___                     Misdem.  ___
   IV   21 to 60 days    ___                     Felony   _X_
   V    61 days and over ___

6. Has this case been previously filed in this District Court? (Yes or No)  _No_
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?  (Yes or No)  _No_
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____   District of _____

   Is this a potential death penalty case? (Yes or No)  _No_

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ___ Yes  _No_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ___ Yes  _No_ No

_____
CYNTHIA STONE
ASSISTANT UNITED STATES ATTORNEY
Court I.D. No. A5500523

\*Penalty Sheet(s) attached                                                  REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** <u>VICTOR WOLF</u>

**Case No:**

Count #: 1

<u>CONSPIRACY TO COMMIT MAIL/WIRE FRAUD</u>

<u>18 U.S.C. 1349</u>

\* **Max.Penalty:** Twenty years' imprisonment and a fine of $250,000

Count #:

\***Max. Penalty:**

Count #:

\***Max. Penalty:**

Count #:

\***Max. Penalty:**

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** NATALIA WOLF

**Case No:**

Count #: 1

CONSPIRACY TO COMMIT MAIL/WIRE FRAUD

18 U.S.C. 1349

* **Max.Penalty:**   Twenty years' imprisonment and a fine of $250,000

Count #:

**\*Max. Penalty:**

Count #:

**\*Max. Penalty:**

Count #:

**\*Max. Penalty:**

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.